UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACQUES ANTON LANIER, II, | Case No. 3:26-cv-00253-ART-CLB |
| Petitioner, | SCREENING ORDER |
| v. | |
| NATHANJAH BREITENBACH, | |
| Respondent. | |

*Pro se* Petitioner Jacques Anton Lanier, II has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and an application for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition").) Based on Lanier's Financial Certificate (ECF No. 4), the Court finds good cause exists to grant the IFP Application. As such, this matter comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court directs service of the Petition and sua sponte raises the issue of counsel.

## I.    BACKGROUND[1]

Lanier challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Jacques Lanier*, C-20-346514-1. On February 21, 2023, following a guilty plea, Lanier was convicted of attempted murder with the use of a deadly weapon. Lanier was sentenced to 96 to 240 months for the attempted murder conviction plus a consecutive 24 to 240 months for the deadly weapon enhancement. Lanier appealed, and the Nevada Court of Appeals affirmed on December 9, 2023.

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

*Jacques Lanier v. State of Nevada*, No. 86243-COA. Remittitur issued on January 2, 2024.

Lanier filed a state habeas petition on March 12, 2024. *Jacques Lanier v. Jeremy Bean*, A-24-888965-W. The state court denied the petition on August 12, 2024. Lanier appealed, and the Nevada Court of Appeals affirmed on July 24, 2025. *Jacques Lanier v. Jeremy Bean*, No. 89132-COA. Remittitur issued on August 14, 2025.

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that a response is warranted in the instant case.

Further, it appears that counsel may be helpful in this case. The Criminal Justice Act authorizes the court to appoint counsel "when the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Although the Court finds that the appointment of counsel is in the interests of justice given the apparent complexities of this case and Lanier's lengthy sentence, the Court is cognizant of the fact that Lanier has not moved for the appointment of counsel. As such, the Court gives Lanier until May 15, 2026, to file a motion for the appointment of counsel. If Lanier does not file such a motion or otherwise indicates that he does not wish for counsel to be appointed, the Court will not appoint counsel and will issue a scheduling order on the Petition.

## III.   CONCLUSION

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing, and (4) send a courtesy copy of this Order to Lanier at Ely State Prison.[2]

It is further ordered that Respondents' counsel enter a notice of appearance within 7 days of entry of this Order, but no further response will be required until further order.

It is further ordered that Lanier has until May 15, 2026, to file a motion for the appointment of counsel if he desires that counsel be appointed to represent him.

DATED THIS 14th day of April 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] Lanier's Financial Certificate was returned to this Court with a notation that Lanier "went to Ely." (ECF No. 5.) It is unclear whether Lanier has been permanently relocated to Ely State Prison. If he has, then he must file a Notice of Change of Address with the Court.

3